IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KENNETH LANIER )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>CAVALRY SPV I, LLC, CAVALRY )<br>PORTFOLIO SERVICES, LLC, and )<br>GARNER & CONNER, PLLC, )<br>)<br>    Defendants. ) | Civil Action No. _____<br><br>Jury Trial Demanded |

## COMPLAINT

### JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendants' multiple violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") in their illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here and Plaintiff resides here.

### PARTIES

4. Plaintiff Kenneth Lanier (hereinafter referred to as "Plaintiff") is a natural person who resides in Cocke County, Tennessee and a "consumer" as defined by 15 U.S.C. § 1692a(3).

5. Defendant Cavalry SPV I, LLC (hereinafter "Defendant Cavalry SPV") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that maintains CT Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, TN 37929-9710 as its registered agent.

6. Defendant Cavalry Portfolio Services, LLC (hereinafter "Defendant Cavalry Portfolio") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that maintains CT Corporation System, 800 S. Gay St., Ste. 2021, Knoxville, TN 37929-9710 as its registered agent.

7. Defendant Garner & Conner, PLLC (hereinafter "Defendant Garner") is a "debt collector" as defined by 15 U.S.C. § 1692a(6) that maintains J. Michael Garner, 250 High Street, Maryville, TN 37804-5918 as its registered agent for service of process.

## FACTUAL ALLEGATIONS

8. Defendants have alleged Plaintiff incurred an obligation to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family or household purposes, namely, a debt alleged to be originally owed to or serviced by GE Money Bank/Lowes ("GE Money Bank") that was transferred to Defendants after default, and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

9. Defendant Cavalry SPV is engaged in the business of purchasing defaulted consumer debts and attempting to collect them from consumers.

10. Defendant Cavalry Portfolio Services, LLC is regularly engaged in the collection of consumer debts owed or due or asserted to be owed or due another.

11. Defendant Garner is regularly engaged in collection of consumer debts owed or due or asserted to be owed or due another.

12. Defendant Cavalry SPV hired Defendant Garner to collect the debt from Plaintiff.

## Collection Lawsuit

13. Within one year prior to the filing of this Complaint On, on or about October 24, 2012, Defendants had Plaintiff served with a copy of a civil summons and sworn affidavit that had been filed in state court in connection with collection of a debt and in an attempt to collect a debt (collectively "collection lawsuit"). **[Doc. 1-1].**

14. The civil summons and sworn affidavit are each a "communication" as defined by 15 U.S.C. § 1692a(2).

15. In the civil summons, Defendants demanded the amount of $970.71 together with interest and attorney's fees, if applicable, as evidenced by the Sworn Account or Affidavit attached hereto and the costs of this action less any payments received plus expenses as they continue to accrue." **[Doc. 1-1, p. 1].**

16. In the sworn affidavit, Defendants sought to collect $1,640.63, which balance is compromised of $970.91 of principal balance and $669.92 . . . of other charges . . . [which] principal balance continues to accrue interest as of . . . 08/31/2012 at a rate of 24.99%." **[Doc. 1-1, p. 2, ¶ 4].**

17. By requesting two different amounts in the collection lawsuit Defendants made conflicting and confusing statements as to the amount owed resulting in Defendants making a false representation (a) of the character, amount, or legal status of any debt, and (b) of the compensation which may be lawfully received by any debt collector for the collection of any debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(2)(B), and 1692e(10).

### *Failure To Include § 1692e(11) Language In Initial and Subsequent Communications*

18. The FDCPA states:

    "The failure to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose." 15 U.S.C. § 1692e(11).

19. The FDCPA states: "The failure to disclose . . . in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11).

20. The civil summons is not a formal pleading made in connection with a legal action because it has not been signed by Defendant Cavalry SPV as state court plaintiff or by its attorney, and Defendant Cavalry SPV failed to disclose in the civil summons that it was attempting to collect a debt and that any information obtained will be used for that purpose, in violation of 15 U.S.C. § 1692e(11). **[Doc. 1-1, p. 1].**

21. Both the civil summons and the sworn affidavit are subsequent communications from Defendant Garner that are not formal pleadings made in connection with a legal action, and each failed to disclose the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11). **[Doc. 1-1, pp. 1-2].**

22. On or about January 29, 2013, Defendant Garner sent a letter dated January 29, 2013 to the General Sessions Court Clerk and a copy to Plaintiff, which letter stated that the initial court date for the collection lawsuit was to be re-set until May 14, 2013, and was sent in connection with collection of the debt and in an attempt to collect the debt, and is a "communication" as defined by 15 U.S.C § 1692a(2). **[Doc. 1-2].**

23. The January 29, 2013 letter is a subsequent communication that is not a formal pleading made in connection with a legal action, and Defendant Garner failed to disclose the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11). **[Doc. 1-2].**

24. On September 3, 2013, Defendant Garner, as an agent under the control of Defendant Cavalry SPV, caused to be issued and served on Plaintiff a subpoena to testify, requiring him to appear in court in Cocke County on September 10, 2013 or be subjected to possible arrest for contempt (hereinafter "subpoena"). **[Doc. 1-3].**

25. The issuance of the subpoena was a separate legal action on the alleged debt. *See, Smalling v. Bart Lloyd, et al.,* No. 2:11-CV-193, [Doc. 17] (Honorable District Judge J. Ronnie Greer, Sept. 25, 2012), pp. 3-6.

26. The September 3, 2013 subpoena is a subsequent communication from Defendants that is not a formal pleading made in connection with a legal action, and it failed to disclose the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11).

*Failure to Send a Written Notice Containing the Amount of the Debt*
*Within Five Days After the Initial Communication – Defendant Cavalry SPV*

27. Within five days after the civil summons was served, Plaintiff had not paid the debt.

28. Within five days after the "initial communication" in connection with collection of the debt in the form of the civil summons, Defendant Cavalry SPV failed to send Plaintiff a written notice that: (a) contained a statement that unless Plaintiff, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by Defendant Cavalry SPV, (b) contained a statement that if Plaintiff notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, Defendant Cavalry SPV will obtain verification of the debt or a copy of a judgment against the Plaintiff and a copy of such verification or

5
Case 2:13-cv-00264-JRG-DHI   Document 1   Filed 10/10/13   Page 5 of 9   PageID #: 5

judgment will be mailed to Plaintiff by Defendant Cavalry SPV, or (c) contained a statement that, upon Plaintiff's written request within the thirty-day period, Defendant Cavalry SPV will provide Plaintiff with the name and address of the original creditor, if different from the current creditor, in violation of 15 U.S.C. §§ 1692g(a)(3) – (5).

### *Collection Service Licensing – Defendant Cavalry SPV*

29. "Collection service" means any person that engages in, or attempts to engage in, the collection of delinquent accounts, bills, or other forms of indebtedness **irrespective of whether the person engaging in or attempting to engage in collection activity has received the indebtedness by assignment or whether the indebtedness was purchased by the person engaging in, or attempting to engage in, the collection activity.** Tenn. Code Ann. § 62-20-102(3). (emphasis added)

30. No person shall commence, conduct, or operate any collection service business in this state unless such person holds a valid collection service license issued by the [Collection Service] board under this chapter, or prior state law. Tenn. Code Ann. § 62-20-105(a).

31. Defendant Cavalry SPV is a "collection service" as defined by Tennessee state law, and as of the date the collection lawsuit was served on Plaintiff, it did not possess a valid collection service license issued by the Tennessee Collection Service Board ("TCSB") that is necessary to legally collect debts in Tennessee. **[Doc. 1-4].**

32. By attempting to collect a debt from Plaintiff when Defendant Cavalry SPV was not licensed as a collection service by the Tennessee Collection Service Board, Defendants violated 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f. *See, King v. Cavalry SPV, LLC,* No. 2:11-CV-120, [Doc. 15] (E.D. Tenn., August 30, 2012) (Court held that "[w]hile the 'clarification statement' was adopted by the board as its 'collective opinion

on the subject,' it does not appear that the board was acting under its rulemaking authority." *Id.* at fn. 4; *Also, see Raceday Center, LLC v. RL BB Financial, LLC,* 2013 WL 45004337, No. 2:11-CV-17, at fn. 2 (E.D. Tenn., Aug. 21, 2013) (Court respectfully disagreed with the decision in *Robinson v. Sherman Financial Group, LLC, et al.*, 2013 WL 3968446, No. 2:11-CV-30 (E.D. Tenn. 2013)).[1]

### *Summary*

33. The above-detailed conduct by Defendants in connection with collection of the debt and in an attempt to collect the debt was conduct in violation of multiple provisions of the FDCPA including, but not limited to the above-cited provisions of the FDCPA.

### *Respondeat Superior Liability*

34. In addition to their individual liability under the FDCPA, the acts and omissions of Defendant Garner as agent for Defendants Cavalry SPV and Cavalry Portfolio and who communicated with Plaintiff as further described herein, were committed within the time and space limits of its agency relationship with its principals, Defendants Cavalry SPV and Cavalry Portfolio.

35. The acts and omissions by Defendant Garner were incidental to, or of the same general nature as, the responsibilities it was authorized to perform by Defendants Cavalry SPV and Cavalry Portfolio in collecting consumer debts.

36. By committing these acts and omissions against Plaintiff, Defendant Garner was motivated to benefit its principals, Defendants Cavalry SPV and Cavalry Portfolio.

---

[1] Also, the commission of a willful violation of the Tennessee Collection Service Act ("TCSA") is a Class C misdemeanor. Tenn. Code Ann. § 62-20-123.

37. Defendants Cavalry SPV and Cavalry Portfolio are therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors and omissions done in violation of federal law by the debt collectors employed as agents by Defendants Cavalry SPV and Cavalry Portfolio including, but not limited to violations of the FDCPA, in their attempts to collect the debt from Plaintiff.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby respectfully demands a trial by jury. **U.S. Const. amend. 7; Fed.R.Civ.P. 38.**

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 *et seq*

39. Plaintiff incorporates by reference all the above paragraphs as though fully stated herein.

40. The foregoing acts and omissions of Defendants constitute multiple violations of the FDCPA including, but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. §§ 1692 et seq., with respect to Plaintiff.

41. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1), in an amount to be determined at trial by a jury; statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A) in the amount of $1,000.00; and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. §§ 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant and for Plaintiff, in an amount to be determined at trial by a jury;

- for an award of statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A) in the amount of $1,000.00 against each and every Defendant, and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant and for Plaintiff; and

- for such other and further relief as may be just and proper.

10/10/2013                         Respectfully submitted,

                                       **KENNETH LANIER**

/s/ Alan C. Lee
Alan C. Lee, Esq., BPR # 012700
Attorney for Plaintiff
P. O. Box 1357
Talbott, TN 37877-1357
(423) 581-0924
alee@tndebtdefense.com